YOUNG IRON WORKS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33329. Promulgated January 19, 1931.

*Raymond G. Wright, Esq.*, and *S. F. Racine, C. P. A.*, for the petitioner.

*Arthur H. Murray, Esq.*, for the respondent.

**1240**

## OPINION.

LANSDON: The primary question here involved is whether, in the circumstances set out above, the full amounts of authorized officers' salaries may be deducted from the petitioner's income in the years 1921 and 1922. Such years are not before us in this proceeding, but the facts in relation thereto are essential to the redetermination of the deficiency here in controversy and, therefore, may be considered. *H. Myer Thread Mfg. Co.*, 2 B. T. A. 665.

The evidence is convincing that salaries of the officers of the petitioner were authorized in 1920, in the aggregate amounts of $14,800 per year, and that such salaries were undrawn in 1921 and 1922 in the amounts of $8,120.66 and $4,288.34, respectively. These amounts are somewhat less than the claims of the petitioner, but they are consistent with the evidence which shows that only Isaacson received salary as an officer. Petitioner asserts that the two Youngs were also paid certain amounts on account of salaries in each of the years. If this is true it was not so reported in petitioner's in-

come tax returns or proved at the proceedings. In addition to the amounts paid to Isaacson as officer's salary in 1921 and 1922, the petitioner made other payments designated merely as salaries in the respective amounts of $4,454.34 and $7,471.66. Such amounts may include the payments alleged to have been made to the Youngs as officers' salaries, but, on the record, we are unable to find as a fact that this is true. It is beyond question that petitioner has deducted the sums of $6,779.34 and $10,471.66, respectively, from its income in the years 1921 and 1922, and that such deductions have been allowed. In the absence of any proof as to the nature of the undesignated salaries, it is clear that the petitioner has not proven officers' salaries undrawn in the amounts claimed. On the record, therefore, we must hold that officers' salaries for the respective years 1921 and 1922 in the respective amounts of $8,120.66 and $4,288.34, only, were undrawn at the close of the year 1922. We are satisfied such amounts were liabilities of the petitioner at December 31, 1921 and 1922, as salaries incurred for services rendered within the respective years. The petitioner was on the accrual basis. The salaries in question were properly accruable as of the end of each of the years involved and said accruals are allowable deductions from income if they are reasonable compensation for service rendered in such respective years.

While the amounts in question are rather large for salaries of a concern not on a profit-making basis, we are satisfied that they were reasonable compensation for the services rendered in the respective years. The enterprise was new and business was none too good. The officers were men of long experience and proved ability within the purview of their duties.

The respondent has disallowed the salaries claimed as deductions in 1921 and 1922, (1) because they were not accrued on the books, and (2) because they were not subsequently paid in cash, but were waived. The first ground for disallowance is insufficient. Tax liability depends on facts and not on mere bookkeeping entries. *Doyle* v. *Mitchell*, 247 U. S. 179; *Douglas* v. *Edwards*, 298 Fed. 229; *In re Sheinman*, 14 Fed. (2d) 323; *Huning Mercantile Co.*, 1 B. T. A. 130. The facts here are that liability for the salaries in question was incurred in 1921 and 1922. The second ground for disallowance is controverted by the record. The unpaid salaries were not waived by the officers in 1923, but were paid to them in that year in additional shares of stock. Cf. *Boger & Crawford, Inc.*, 13 B. T. A. 835.

The effect of our holding above is to increase the operating expenses of the petitioner for the years 1921 and 1922, in the respective amounts of $8,120.66 and $4,288.34. Such increases indicate operating losses in these years in the respective amounts of $8,250.74 and

$3,094.61, or a total at December 31, 1922, of $11,345.35. The record is clear that no nondeductible expenses or disbursements are included in the losses thus computed. The entire loss in each year was incurred in the operation of a business regularly carried on by the petitioner. The petitioner's tax liability for 1923 must be determined under the provisions of section 204(b) of the Revenue Act of 1921. *Moore Cotton Mills Co.*, 17 B. T. A. 662.

Reviewed by the Board.

*Decision will be entered under Rule 50.*